[Cite as *State v. Hill*, 2026-Ohio-3061.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2026-02-005 |
| vs. | : | OPINION AND JUDGMENT ENTRY 8/10/2026 |
| NIKKI J. HILL, | : | |
| Appellant. | : | |
| | : | |


CRIMINAL APPEAL FROM EATON MUNICIPAL COURT
Case No. TRC 1300478


Ryan Lee Brunk, City of Eaton Prosecuting Attorney, for appellee.

Vanzant Law Office, and James B. Vanzant, for appellant.


**O P I N I O N**


**PIPER, P.J.**

{¶ 1} Appellant, Nikki J. Hill, appeals from her conviction in the Eaton Municipal Court after she pled guilty to one count of misdemeanor operating a vehicle while under the influence of alcohol ("OVI"), her third such conviction within the preceding six years

of the offense.[1] For the reasons outlined below, we affirm Hill's conviction.

**Facts and Procedural History**

{¶ 2}  On February 5, 2013, Hill was arrested and charged with misdemeanor OVI in violation of R.C. 4511.19(A)(1)(a). The charge arose after it was discovered that Hill had been operating her vehicle earlier that morning while under the influence of alcohol, with a BAC of .186. This discovery occurred after Hill's vehicle became stuck on the railroad tracks near the East Main Street railroad crossing in Eaton, Preble County, Ohio. A subsequent search of Hill's vehicle revealed an empty champagne bottle and a Chick-Fil-A cup, approximately half full of champagne, in the vehicle's front cup holder.

{¶ 3}  Nearly 13 years later, on February 4, 2026, Hill appeared before the trial court and entered a guilty plea to the charged misdemeanor OVI offense.[2] The trial court accepted Hill's plea after finding it was knowingly, intelligently, and voluntarily entered. The matter then proceeded to sentencing. Because this was Hill's third OVI conviction within the preceding six years of the offense, Hill was subject to the sentencing enhancements provided in the now former R.C. 4511.19(G)(1)(c).[3] This included imposing a mandatory minimum term of 30 consecutive days in jail. R.C.

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

2. This nearly 13-year delay was caused, at least in part, by Hill's failure to appear before the trial court on at least five separate occasions. The record indicates that this delay was also caused by Hill's various stints in either jail or prison, her seeking both inpatient and intensive outpatient treatment to address her substance abuse issues, and other alleged hospitalizations and illnesses, including her contracting the COVID-19 virus. The record indicates that there was further delay caused by Hill moving out of state for several years, during which time she picked up several additional criminal convictions in the states of Indiana, Kentucky, Georgia, and Washington.

3. The record shows that this was, in fact, Hill's fourth such conviction, with the first occurring in 2003, the second in 2009, and the third in 2012. However, the archived 2013 version of R.C. 4511.19(G)(1)(c) applicable to this case looks back only six years, whereas the current version of the statute looks back ten years. Had the current version of R.C. 4511.19(G)(1) been in effect at the time of Hill's offense, Hill would have been facing a charge of fourth-degree felony OVI in this case as opposed to a charge of misdemeanor OVI. *Compare* the current R.C. 4511.19(G)(1)(c) and (d) *with* the archived 2013 version of R.C. 4511.19(G)(1)(c) and (d).

- 2 -

4511.19(G)(1)(c)(i).[4]

{¶ 4} At sentencing, the trial court imposed a 365-day jail term, with 210 days suspended, less five days of jail-time credit. This resulted in Hill being sentenced to serve 150 consecutive, nonsuspended, noncredited days in jail. The trial court also ordered Hill to pay a $900 fine, approximately $1,500 in court costs, and suspended Hill's driver's license for 10 years. Hill was further placed on reporting probation for five years. In so doing, the trial court advised Hill that if she violated her probation by being convicted of any additional criminal conduct, it would give "serious consideration" to reimposing her 210-day suspended jail term, stating: "This either stops now or you will suffer the consequences."

{¶ 5} Prior to sentencing Hill, the trial court noted what it had considered in fashioning Hill's sentence. Initially, the trial court noted that it had reviewed Hill's criminal history, stating:

> I have taken a look at your criminal history ma'am… [a]nd you have criminal history in Indiana, Kentucky, Georgia, the State of Washington and the State of Ohio and it is, from my perspective, significant and I am stating that from the experience of being a Judge for 26 years. . . So when I tell you [that] you have a significant criminal history, I am basing that on all my years of experience.

{¶ 6} Continuing, the trial court stated:

> Additionally, I note that you have a number of DUI convictions in the State of Kentucky, this particular matter, and you also had 3 physical control convictions in the State of Washington. I could not tell if they were reductions or amended charges, but physical control is a[n] offense [in which] a person is impaired by alcohol or drugs and is operating a motor vehicle. It's akin to an OVI but not the same because there are different elements required for an OVI that are not for physical control.

---

4. Both the former and current versions of R.C. 4511.19(G)(1)(c)(i) include this sentencing enhancement.

{¶ 7} Concluding, the trial court stated:

> Lastly, the Court has taken into consideration Section 2929.21 of the Ohio Revised Code which is the purposes of sentencing in misdemeanor cases. This is a misdemeanor. Specifically that statute provides for two overriding purposes for sentencing that a Judge must consider when imposing sentence. One, protect the public from future crimes by the offender, secondly, punish the offender. Those are the only two purposes for a Judge to consider, that's why I looked at your past history, etcetera.

**Hill's Appeal and Single Assignment of Error**

{¶ 8} On February 23, 2026, Hill filed a notice of appeal. After briefing, Hill's appeal was submitted to this court for consideration on July 8, 2026, and is now properly before the court for decision. Hill raised one assignment of error in support of her appeal. In her single assignment of error, Hill argues that the trial court's decision to impose a sentence that exceeded the mandatory minimum term of 30 consecutive days in jail constituted an abuse of discretion that must be reversed. This is because, according to Hill, the trial court did not fully consider and properly apply the statutory guidance provided to it in R.C. 2929.21(B) when fashioning her sentence. We disagree.

*Abuse of Discretion Standard of Review*

{¶ 9} "This court reviews a trial court's sentence on a misdemeanor violation under an abuse of discretion standard." *State v. Henson*, 2021-Ohio-38, ¶ 11 (12th Dist.). "An abuse of discretion suggests the trial court's decision was unreasonable, arbitrary, or unconscionable." *State v. Sanchez-Garza*, 2017-Ohio-1234, ¶ 33 (12th Dist.). "A decision is unreasonable where a sound reasoning process does not support it." *State v. Miller*, 2016-Ohio-7360, ¶ 7 (12th Dist.). "And an 'arbitrary' decision is one made 'without consideration of or regard for facts [or] circumstances." (Bracketed text in original.) *State v. Beasley*, 2018-Ohio-16, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed.2014). "An unconscionable decision may be defined as one that affronts the sense of justice,

- 4 -

decency, or reasonableness." *State v. Wane*, 2020-Ohio-4874, ¶ 22 (12th Dist.). "A review under the abuse-of-discretion standard is a deferential review." *State v. Morris*, 2012-Ohio-2407, ¶ 14.

*Principles of Misdemeanor Sentencing*

{¶ 10} Pursuant to R.C. 2929.21 and 2929.22, trial courts have broad discretion in determining the appropriate sentence for each misdemeanor case. *State v. Fisher*, 2020-Ohio-3764, ¶ 11 (12th Dist.). When exercising that discretion, "the trial court must be guided by the purposes of misdemeanor sentencing." *State v. Doty*, 2019-Ohio-917, ¶ 27 (12th Dist.). As provided by R.C. 2929.21(A), "[t]he two overriding purposes of misdemeanor sentencing are to punish the offender and to protect the public from future crime by the offender." *State v. Hause*, 2009-Ohio-548, ¶ 23 (12th Dist.). To achieve these purposes, the trial court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). After taking those matters into account, R.C. 2929.21(B) requires the trial court to then impose a sentence that is "reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing" set forth above and "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim."

{¶ 11} R.C. 2929.21(B) also requires that the offender's sentence be "consistent with sentences imposed for similar offenses committed by similar offenders." "To that extent, prior sentences the court imposed in like cases are precedent, but they are not necessarily binding." *State v. Anderson*, 2016-Ohio-2704, ¶ 12 (4th Dist.). This is because, as it is now well established, "consistency in sentencing does not mean uniformity." *State v. Tolliver*, 2025-Ohio-132, ¶ 15 (12th Dist.). "Such uniformity would

obviate judicial discretion and undermine the purposes and principles of sentencing. The goal of proportionality is consistency rather than uniformity." *Anderson* at ¶ 13, citing *State v. Georgakopoulos*, 2003-Ohio-4341, ¶ 26 (8th Dist.). Consistency merely "requires a trial court [to] weigh the same factors for each defendant in order to result in an outcome that is rational and predictable." *Broadview Hts. v. Misencik*, 2014-Ohio-1518, ¶ 20 (8th Dist.). Thus, "[a] consistent sentence is not derived from a case-by-case comparison, but from the court's proper application of the statutory sentencing guidelines." *Tolliver*.

*Hill's Argument and Analysis*

{¶ 12} Hill argues that the trial court's sentence in this case was erroneous because the court made no express findings at her sentencing hearing to show that it considered the "guidance and direction" provided by R.C. 2929.21(B) when fashioning her sentence. More specifically, Hill argues that the trial court erred by failing to expressly address at her sentencing hearing the "consistency" of her sentence with the sentences that it had imposed on similarly situated offenders in the past. Hill argues that the absence of such a discussion on the record creates a sense of arbitrariness regarding her sentence, an "element of an arbitrary nature associated with it."

{¶ 13} However, while Hill would prefer it be different, "the trial court was not required to discuss any of the misdemeanor sentencing factors on the record" at sentencing, nor was it required to "make any explicit findings" to support her sentence. *State v. McClurg*, 2020-Ohio-1144, ¶ 7 (2d Dist.). This is because, "in misdemeanor sentencing, there is no requirement that a trial court specifically state its reasons for imposing the sentence that it does on the record." *State v. Moreno*, 2024-Ohio-2055, ¶ 24 (5th Dist.); *see State v. O'Malley*, 2022-Ohio-3207, ¶ 75 (noting that "[t]here are multiple aggravating and mitigating factors that must be considered by trial courts at sentencing," including those set forth in R.C. 2929.21[B], and "the consideration and

weight of any factor is not required to be placed on the record").

{¶ 14} There is instead "a presumption that the trial court considered the necessary statutory criteria absent an affirmative showing by the defendant that it did not." *State v. Henson*, 2021-Ohio-38, ¶ 15 (12th Dist.). Even "[a] silent record creates a rebuttable presumption that the sentencing court considered the statutory misdemeanor sentencing criteria." *State v. Burley*, 2017-Ohio-378, ¶ 15 (7th Dist.). Therefore, "unless the record contains an affirmative indication that the trial court failed to consider the statutory criteria, the trial judge's sentence will not be reversed." *State v. Ward*, 2004-Ohio-4156, ¶ 10 (3d Dist.).

{¶ 15} The record in this case is devoid of any such affirmative indication. The record, in fact, establishes the exact opposite. This is evidenced by the trial court expressly stating at Hill's sentencing hearing that it had considered R.C. 2929.21 and the two overriding purposes of misdemeanor sentencing when fashioning her sentence. Therefore, because the record is devoid of any affirmative indication that the trial court did not fully consider and properly apply the statutory guidance provided to it by R.C. 2929.21(B) when fashioning Hill's sentence in this case, Hill's single assignment of error lacks merit and is overruled.

{¶ 16} In so holding, we find it necessary to address Hill's assertion set forth in her appellate brief that "more should be required of trial courts if they are going to vary from the minimum mandatory sentences which are prescribed by the legislature." But what should be required of trial courts engaged in misdemeanor sentencing is well beyond the scope of our review as an intermediate appellate court. "Our duty, after all, is to apply the law, not to make it." *State v. Jamison*, 1988 Ohio App. LEXIS 572, *23 (1st Dist. Feb. 17, 1988).

{¶ 17} It is instead the responsibility of the General Assembly "to weigh policy

concerns and make legislative choices for the benefit of all Ohioans." *Gabbard v. Madison Local School Dist. Bd. of Edn.* 2021-Ohio-2067, ¶ 80 (Fischer, J., dissenting). Therefore, to the extent that Hill may be asking this court to do anything more than simply interpret and apply the law as written, we must decline, for "[w]e are not to invade the role of the legislature to write laws and make policy determinations." *Id.*, citing *Jacobson v. Kaforey*, 2016-Ohio-8434, ¶ 8 (noting that courts should avoid acting in ways that "would invade the role of the legislature" to "write the laws").

### Conclusion

**{¶ 18}** For the reasons outlined above, and having now overruled Hill's single assignment of error, Hill's appeal of her conviction for misdemeanor OVI, her third such conviction within the preceding six years of the offense, is denied.

**{¶ 19}** Judgment affirmed.

M. POWELL and SIEBERT, JJ., concur.

# J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Eaton Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.


*/s/ Robin N. Piper, Presiding Judge*


*/s/ Mike Powell, Judge*


*/s/ Melena S. Siebert, Judge*